IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.

Criminal No. 3:06CR460
Civil Action No.3:17-cv-856-REP-RCY

RICO LAMONT PRESSEY,

    Petitioner.

## MEMORANDUM OPINION

Rico Lamont Pressey, a federal inmate proceeding pro se, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Pressey asserted that, in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender was unconstitutional. By Memorandum Opinion and Order entered on June 13, 2017, the Court granted the Government's Motion to Dismiss and denied the § 2255 motion because "the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . Johnson's vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." United States v. Lee, 855 F.3d 244, 246-47 (4th Cir. 2017) (citation omitted).

On June 29, 2017, the Court received a "MOTION TO AMEND MOVANT's § 2255 MOTION." ("Motion to Amend," ECF No. 36.) In that Motion, Pressey seeks to add a new claim brought pursuant

to United States v. Mathis, 136 U.S. 2243 (2016). (Id. at 1.) By Memorandum Order entered on August 24, 2017, the Court directed the Government to file a response to the Motion to Amend. The Government filed an Objection. (ECF No. 38.) Pressey filed a Reply. (ECF No. 41.) As discussed below, Pressey's Motion to Amend must be dismissed as a successive, unauthorized § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal

sentence." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citation omitted). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

Here, Pressey seeks to bring an entirely different claim than the Johnson claim he raised in his initial § 2255 motion. Pressey now attempts to argue that "his designation as a career offender was in error based on Mathis because the state offense that was used to support" the finding that he was a career offender "is a divisible statute." (Mot. Amend 3 (citation omitted).) The Government argues that Pressey's Motion to Amend, is at best, a successive § 2255 motion. (Obj. 3.) Pressey's claim clearly seeks to vindicate a claim for relief from his criminal judgment and sentence. Thus, no matter its title, Pressey's Motion to Amend is an unauthorized, successive

3

§ 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of "a claim" for relief from the criminal judgment, regardless of the title of the motion); United States v. Graham, 81 F. App'x 472, 472 (4th Cir. 2003) (construing motion to amend under Federal Rule of Civil Procedure 15 as a successive § 2255 motion); see also Williams v. United States, Nos. 1:09CR414, 1:14CV364, 1:14CV60, 2015 WL 965842, at *2-3 & n.2 (E.D. Va. Mar. 4, 2015) (construing a Rule 59(e) motion and Rule 15 motion to amend as successive, unauthorized § 2255 motions); United States v. Loney, No. 3:02CR290, 2013 WL 6729274, at *2 (E.D. Va. Dec. 19, 2013) (construing Rule 15(d) motion as a successive application). But see Clark v. United States, 764 F.3d 653, 657-61 (6th Cir. 2014) (concluding motion to amend not successive when it is filed "before a petitioner has . . . exhausted her appellate remedies," id. at 658, but requiring petitioner to "meet the requirements for reopening a case established by Rule 59 or 60," before permitting amendment, id. at 661). The Court has not received authorization from the Fourth Circuit to hear Pressey's successive § 2255 motion. Accordingly, the Motion to Amend (ECF No. 36) will be dismissed for want of jurisdiction.

Even if the Court were to determine that the Motion to Amend was not a successive, unauthorized § 2255 motion, the

4

Court would deny the motion as futile. "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted). Moreover, "the district court may not grant [a] post-judgment motion [to amend] unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Id. at 427 (citations omitted); cf. Clark, 764 F.3d at 661 (requiring inmate to satisfy grounds of Rule 59(e) or 60(b) before amendment is allowed). Notably, Pressey did not file a Federal Rule of Civil Procedure 59(e) motion seeking to alter or amend the Court's June 13, 2017 Memorandum Opinion and Order denying his § 2255 Motion and the Court has not vacated its judgment. Nor can Pressey's Motion to Amend be construed as a Rule 59(e) Motion.[1] As discussed below, Pressey's Motion to Amend simply attempts to add a new claim based upon a new legal theory.

---

[1] The Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Pressey fails to satisfy any of these grounds in his Motion to Amend which simply adds a new claim for relief that is not based on an intervening change in the law.

5

Pressey fails to argue any of the grounds for granting relief pursuant to Rule 59(e); he simply seeks to add a new claim after learning that the Johnson claim raised in his original § 2255 Motion lacked merit.[2]

Finally, permitting any amendment would be entirely futile because Pressey's claim lacks merit. Johnson focused on the residual clause of the ACCA, whereas Mathis pertained to the enumerated offenses listed in that statute. 136 S. Ct. 2249. As the Government correctly asserts, in Mathis, the Supreme Court reaffirmed the approach by which courts should determine if a prior conviction is one of the enumerated violent felonies set forth in 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the ACCA. Id. Pressey, however, was not sentenced under the ACCA. Therefore, even if Pressey's Motion to Amend is not a successive, unauthorized § 2255 motion, Mathis simply does not apply to Pressey's conviction and sentence as a career offender under the United States Sentencing Guidelines. See Haley v. United States, No. 2:12CR149, 2017 WL 2297022, at *4 (E.D. Va. May 24, 2017). Thus any amendment by Pressey would be futile.

---

[2] Even if the Court construed this Motion to Amend as a Rule 59(e) Motion, the Court would find it is a successive § 2255 motion because it attacks his sentence. See United States v. Lora, 629 F. App'x 564, 566 (4th Cir. 2015) (holding motion to amend and Rule 59(e) motion successive because claims therein challenged underlying criminal conviction); United States v. Mann, 141 F. App'x 175, 176 (4th Cir. 2005).

6

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Pressey fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Pressey and counsel of record.

It is so ORDERED.

/s/ REP

Date: December 28, 2017
Richmond, Virginia

Robert E. Payne
Senior United States District Judge